IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARVIN RHODEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL NO. 04-413-DRH |
| ) | |
| MARVIN F. POWERS, TERRY ) | |
| CALIPER, CHARLES L. HINSLEY and ) | |
| ROBERT FREY, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

**HERNDON, District Judge:**

Plaintiff, currently an inmate in the Tamms Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff previously was granted leave to proceed *in forma pauperis*, and was not required to pay an initial partial filing fee.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any

supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is legally frivolous and thus subject to summary dismissal.

Plaintiff alleges that when he arrived at Tamms in March 1998, he advised Defendants Powers and Caliper that he suffers from athlete's foot. He alleges that Powers prescribed various medications to treat this condition, but nothing seemed to work. Apparently Plaintiff complained to Caliper, Hinsley and Frey about the lack of effectiveness of these treatments, yet none of them took action to correct the situation.

Although the Eighth Amendment encompasses claims regarding deliberate indifference to a serious medical need, the Seventh Circuit has frequently noted that "medical malpractice in the form of an incorrect diagnosis or improper treatment does not state an Eighth Amendment claim." *Gutierrez v. Peters*, 111 F.3d 1364, 1374 (7th Cir. 1997). *See also Snipes v. DeTella*, 95 F.3d 586, 590 (7th Cir. 1996) ("Mere negligence or even gross negligence does not constitute deliberate indifference."). The allegations against Powers regarding treatment of Plaintiff's athlete's foot constitute, at best, claims of medical negligence, which are not actionable under the Eighth Amendment. It follows, therefore, that the claims in this count against Caliper, Hinsley and Frey are also not actionable. Accordingly, Plaintiff's claims regarding treatment for his athlete's foot are dismissed from this action with prejudice.

Towards the end of his complaint, Plaintiff includes a brief allegation that on September 10, 2003, he was assaulted by Powers. He then explains, again briefly, that this alleged assault occurred within the context of extracting a DNA sample from Plaintiff. Although the intentional use of excessive force by prison guards against an inmate may constitute cruel and unusual punishment in violation of the Eighth Amendment, not "every malevolent touch by a prison guard gives rise to a

federal cause of action. . . . [the] prohibition of 'cruel and unusual' punishment necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" *Hudson v. McMillian*, 503 U.S. 1, 9-10 (1992); *see also Outlaw v. Newkirk*, 259 F.3d 833, 837-38 (7th Cir. 2001).; *DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000).

Even with Plaintiff's brief statement, it seems clear that this alleged "assault" involved such a *de minimis* use of force in the context of administering a medical test. Accordingly, Plaintiff has failed to state an actionable claim of excessive force, and this claim is dismissed from this action with prejudice.

In summary, Plaintiff's complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED** with prejudice. Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

**DATED:   April 21, 2006.**

/s/   David   RHerndon
**DISTRICT JUDGE**